United States Bankruptcy Court

Eastern District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 23-10327-amc |
| Nina E. Miles Lane | Chapter 13 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Oct 01, 2025 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:
**Symbol      Definition**

\+            Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 03, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Nina E. Miles Lane, 5126 North 12th Street, Philadelphia, PA 19141-2811 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

## BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

## NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

| | | |
|---|---|---|
| Date: Oct 03, 2025 | Signature: | /s/Gustava Winters |

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 1, 2025 at the address(es) listed below:

| Name | Email Address |
|---|---|
| ANDREW L. SPIVACK | on behalf of Creditor CrossCountry Mortgage  LLC andrew.spivack@brockandscott.com, wbecf@brockandscott.com |
| DENISE ELIZABETH CARLON | on behalf of Creditor CrossCountry Mortgage  LLC bkgroup@kmllawgroup.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com philaecf@gmail.com |
| MARIO J. HANYON | on behalf of Creditor CrossCountry Mortgage  LLC wbecf@brockandscott.com, mario.hanyon@brockandscott.com |
| MICHAEL D. SAYLES | on behalf of Debtor Nina E. Miles Lane midusa1@comcast.net midusa1@outlook.com |
| REGINA COHEN | on behalf of Creditor Ally Bank rcohen@lavin-law.com |

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 2 of 2 |
| Date Rcvd: Oct 01, 2025 | Form ID: pdf900 | Total Noticed: 1 |

United States Trustee
                USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 7

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: Nina Miles Lane | : | CHAPTER 13 |
| | : | |
| | : | BKTY. NO. 23-10327\amc |
| | : | |
| **Debtor** | : | |
| _____ | : | |

# ORDER

**AND NOW,** this __1st__ day of __Oct.__, 2025, upon consideration of the Motion to Sell Real Property filed by debtor, notice to all interested parties, the filing of any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

**ORDERED,** that Debtor is authorized to sell her real property located at **5126 North 12th Street, Philadelphia, PA 19141** ("Property"), for the sale price of **$155,000.00**, pursuant to the terms of a certain real estate agreement of sale dated as of August 4, 2025, to the buyer thereunder, Lucy Price ("Buyer"), who has been represented to be purchasing the Property at arms-length.

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyers, shall be distributed substantially in the following manner:

1. Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters — $4,347.95

2. Liens paid at closing – Primary mortgage loan to SPS Mortgage up to — $145,691.89

3. Real estate taxes, sewer, trash and/or other such items — $3,337.80

4. Property repairs, if any

5. Real estate commission — $1,900.00

6. Attorney Fees, if any:

7. Any small (less than $300) allowances agreed to be made to Buyer to    $_____
settle any unforeseen dispute arising at settlement

    ESTIMATED NET COSTS      $155,379.80

This Order is contingent upon the mortgage lien serviced by CrossCountry being paid in full at closing pursuant to a proper payoff quote obtained prior to and good through the closing date; and Debtor shall have ninety (90) days from entry of this Order to sell the Property.

This order is contingent upon the water bill and any judgments or statuory and judicial liens of the Water Revenue Bureau and /or the City of Philadelphia Law Department, Tax and Revenue Unit being paid at closing in an amount necessary to provide purchaser with clear title.

The Debtor is entitled to her exemption amount of $27,900.00 and shall be paid the same at the settlement table.

After paying all liens in full and all costs of sale, the title clerk shall pay to Kenneth West, Chapter 13 standing trustee, the balance of all sales proceeds (if any remains) after the Debtor receives her exemption amount of $27,900.00.

All secured and priority creditors paid any proceeds from the sale shall file an amended proof of claim.

The title clerk shall fax (215-627-6299) and e-mail (settlementsheet@ph13trustee.com) a completed settlement sheet from the closing directly to the trustee immediately upon close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed.

Per Bankruptcy Rule 6004(h), the 14 day stay as to effect of this Order is hereby waived.

    **BY THE COURT**

    _____
    J.